**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

RAICO HAY,

     Plaintiff,

v.                                                                                Case No. 2:25-cv-1212-SPC-KRH

WHEAT DURKO & RICHTER, LLC
d/b/a FOUNTAIN POOLS & WATER
FEATURES, and STEVE DURKO,

     Defendants.

_____/

## <u>ORDER</u>

The parties filed a notice of settlement. (Doc. 23). This amicable resolution would typically prompt quick closure with the time-limited right of either party to reopen (if needed) while they finalize settlement papers. M.D. Fla. Local R. 3.09(b). But this is an FLSA case—which invites that dubious *Lynn's Food* analysis.

Finding themselves in this quagmire, the parties have two choices.

First, they can consent to a Magistrate Judge using the Court's Form AO-85, then file a valid Rule 41(a)(1)(A)(ii) dismissal.[1]  At that point, the Court would allow the action to end on those terms. *Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d 1272, 1278 (11th Cir. 2012). It would do so because FLSA cases aren't any more or less special than scores of other important actions filed in federal courts every day. Or, in more lawyerly terms, the FLSA is simply not a unique federal statutory

---

[1] *Available at,* flmd.uscourts.gov/sites/flmd/files/forms/flmd-ao85-notice-consent-and-reference-of-a-civil-action-to-a-magistrate-judge-.pdf (last visited May 29, 2026).

scheme, somehow implicitly beyond the reach of Rule 41. *E.g.*, *Wilson v. Bolcor Comm. Flooring LLC*, No. 2:26-cv-162-NPM, 2026 WL 1450031, at *1 (M.D. Fla. May 22, 2026) (Mizell, J.); *King v. Sch. Bd. Of Charlotte Cnty.*, No. 2:22-cv-277-KCD, 2022 WL 4110289, at *1 (M.D. Fla. Sept. 8, 2022) (Dudek, J.). This consent and dismissal procedure would allow the parties to realize their settlement without incurring unnecessary fees or costs.

Their second option is more traditional. The parties can proceed with the current judicial assignment, file a motion to approve an FLSA compromise, and allow the Court to review—and potentially blue-line—their settlement agreement. *See, e.g.*, *King v. RREMC Rest. LLC*, No. 6:25-cv-1757-PGB-LHP, 2026 WL 1270014 (M.D. Fla. Mar. 27, 2026), *R&R adopted* 2026 WL 1270032 (Apr. 13, 2026). The Court would address any such matter in its normal course for civil motion practice.

To be clear, the decision above is entirely left up to the parties. Either or both sides can withhold consent without any adverse consequence whatsoever (whether substantive or inconsequential). *See* 28 U.S.C. § 636(c)(2). And parties may have good reason to want a *Lynn's Food* review in some cases.

So with that said, the next call is for the parties to make. They may decide how to proceed within two weeks.

**ORDERED**:

**On or before July 24**, the parties must either **FILE** (1) consent to Magistrate Judge jurisdiction along with a Rule 41(a)(1)(A)(ii) dismissal; **or** (2)

motion for the Court to review their FLSA settlement.

In Fort Myers, Florida on July 11, 2026.

_____
Kevin R. Huguelet
United States Magistrate Judge

3